## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Arthur R. Thibault Jr. (AT-9263)
APRUZZESE, McDERMOTT,
  MASTRO & MURPHY, P.C.
25 Independence Blvd.
P.O. Box 112
Liberty Corner, New Jersey 07938
Attorneys for Defendants

LISA BURY                           :
                                    :
                   Plaintiff,       :
                                    :
            v.                      :        NOTICE OF REMOVAL
                                    :
TENAFLY BOARD OF EDUCATION,         :
WILLIAM GREENE, WILLIAM             :        *CH-'74 Of*
BELLUZZI, and DARRYLL LUND          :        *( JAP )*
                                    :
                   Defendants.      :
                                    :

TO:   CHIEF JUDGE AND JUDGES OF
      THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

      Andrew Moskowitz, Esq.
      Law Offices of Andrew Moskowitz
      76 South Orange Avenue
      Suite 205
      South Orange, New Jersey 07079
      *Attorneys for Plaintiff*

      Steven C. Bury, Esq.
      Law Offices of Steven C. Bury
      35 Columbus Drive
      P.O. Box 69
      Tenafly, New Jersey 07670
      *Attorneys for Plaintiff*

Clerk
Superior Court of New Jersey, Law Division
Bergen County Justice Center
10 Main Street
Hackensack, New Jersey 07207

HONORABLE JUDGES:

Defendants Tenafly Board of Education, William Greene, William Belluzzi and Darrell Lund, improperly pled as Darryll Lund, ("Defendants") hereby remove this action pursuant to 28 U.S.C. § 1441 to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

### TIMELINESS OF REMOVAL

1.  On March 17, 2004, plaintiff Lisa Bury ("plaintiff") commenced a civil action against the Defendants in the Superior Court of New Jersey, Bergen County, Law Division, entitled *Bury v. Tenafly Board of Education, et al.*, Docket No. BER-L-3541-04. A copy of the Complaint is attached as Exhibit A. To Defendants' knowledge, the Complaint and Summons are the only process or pleadings filed or served by any party.

2.  The first notice received by any defendant of the civil action occurred on April 27, 2004 when copies of the Summons and Complaint were received by the Superintendent of Tenafly Schools, Defendant Darrell Lund. Defendants William Greene and William Belluzzi subsequently received copies of the Summons and Complaint.

2

3.    Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after first notice by any defendant of the civil action.

## BASIS FOR REMOVAL

4.    This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5.    In her Complaint, plaintiff alleges, inter alia, that the Defendants violated 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1985.

6.    Individuals may maintain a civil cause of action under 42 U.S.C.A. § 1983 against persons who have "depriv[ed them] of any rights, privileges, or immunities secured by the Constitution and laws." Plaintiff alleges that the Defendants violated her civil rights under 42 U.S.C.A. § 1983.

7.    Individuals may maintain a civil cause of action under 42 U.S.C.A. § 1985(2) against persons who "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws. . . ." Plaintiff alleges that the Defendants violated 42 U.S.C.A. § 1985(2) by conspiring to deprive her of her equal protection and equal rights under the law.

8.    This action is properly removable under 28 U.S.C. § 1441(a) and (b), because the United States District Court has

3

original jurisdiction in this case under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.    The pendent state claims arise from a common nucleus of operative facts which may be removed to the United States District Court pursuant to 28 U.S.C. § 1441(c).

10.   Defendants have not previously sought similar relief. All Defendants consent to this removal.

11.   Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served via regular mail upon plaintiff, and upon the Clerk of the Superior Court, Law Division, in Bergen County.

WHEREFORE, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, County of Bergen, to the United States District Court for the District of New Jersey.

Respectfully submitted,

By: _____
    Arthur R. Thibault Jr.
    (AT-9263)

Dated: May 21, 2004

4

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Arthur R. Thibault Jr., Esq., counsel for defendants, certify that this matter is not the subject of any other court or administrative action or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

Arthur R. Thibault Jr. (AT-9263)

5

## CERTIFICATION OF SERVICE

I hereby certify that I served copies of this Notice of Removal via Federal Express on this 24th day of May, 2004 on:

Andrew Moskowitz, Esq.
Law Offices of Andrew Moskowitz
76 South Orange Avenue
Suite 205
South Orange, New Jersey 07079
*Attorneys for Plaintiff*

Steven C. Bury, Esq.
Law Offices of Steven C. Bury
35 Columbus Drive
P.O. Box 69
Tenafly, New Jersey 07670
*Attorneys for Plaintiff*

Clerk
Superior Court of New Jersey, Law Division
Bergen County Justice Center
10 Main Street
Hackensack, New Jersey 07601

Arthur R. Thibault Jr. (AT-9263)

6

Exhibit A

**LAW OFFICES OF ANDREW M. MOSKOWITZ**
76 SOUTH ORANGE AVENUE
SUITE 205
SOUTH ORANGE, NEW JERSEY 07079
TEL: (973) 275-0610
FAX (973) 836-0285



**ANDREW M. MOSKOWITZ***
**DIANE L. CORSICO+**

E-mail: info@ammlawoffice.com

150 EAST 42ND STREET
SUITE 2300
NEW YORK, NEW YORK 10017
TEL. (212) 576-1102
FAX (212) 656-1150

*MEMBER NY & NJ BARS
+MEMBER NJ BAR

REPLY TO SOUTH ORANGE

http://www.ammlawoffice.com

April 23, 2004

Via First Class Mail and
Certified Mail, RRR

Tenafly Board of Education
500 Tenafly Road
Tenafly, New Jersey 07670

        Re:   Bury v. Tenafly Bd. of Educ. et al.
              Docket No. BER-L-003541-04

Dear Sir or Madam:

        Pursuant to R. 4:4-4(b)(1)(C), enclosed please find a
copy of the Summons and Complaint (w/Jury Demand,  R. 4:5-1
Certification and Designation of Trial Notice) in the above
matter.

                        Very Truly Yours,

                        Andrew Moskowitz

Enclosures

LAW OFFICES OF ANDREW M. MOSKOWITZ
76 South Orange Avenue, Suite 205
South Orange, New Jersey 07079
(973) 275-0610
Superseding Attorneys for
Plaintiff Lisa Bury

| | | |
|---|---|---|
| LISA BURY, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: BERGEN COUNTY |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Docket No. BER-L-003541-04 |
| | : | |
| vs. | : | _Civil Action_ |
| | : | |
| | : | **SUMMONS** |
| | : | |
| TENAFLY BOARD OF EDUCATION, | : | |
| WILLIAM GREENE, WILLIAM | : | |
| BELLUZZI, and DARRYLL LUND, | : | |
| | : | |
| | : | |
| Defendants. | : | |

From the State of New Jersey

To the Defendant Named Above:

Tenafly Board of Education
500 Tenafly Road
Tenafly, New Jersey 07670

   The plaintiff, named above, has filed a lawsuit against you
in the Superior Court of New Jersey.  The complaint attached to
this Summons states the basis for this lawsuit.  If you dispute
the complaint, you or your attorney must file a written answer
or motion and proof of service with the deputy clerk of the
Superior Court in the county listed above within 35 days from
the date you received this summons, not counting the date you
received it (The address of each deputy clerk of the Superior
Court is provided).  If the complaint is one in foreclosure,

then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appears above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have any attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: April 23, 2004

DONALD F. PHELAN,
Clerk of the Superior Court
(By Andrew M. Moskowitz, Per
Court Rule)


Name and Address of Defendant to be Served:

Tenafly Board of Education
500 Tenafly Road
Tenafly, New Jersey 07670

2

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Processing Office
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(800)367-0089
LEGAL SERVICES
(609)348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201)487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn.: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609)261-4862
LEGAL SERVICES
(609)261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103-4001
LAWYER REFERRAL
(856)964-4520
LEGAL SERVICES

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main St.
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609)463-0313
LEGAL SERVICES
(609)465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856)692-6207
LEGAL SERVICES
(856)451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973)622-7753
LEGAL SERVICES
(973)622-1513

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn.: Intake
Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856)848-4589
LEGAL SERVICES
(856)848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201)798-2727
LEGAL SERVICES
(201)792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908)735-2611
LEGAL SERVICES
(908)782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Civil Filing Office - Room 201
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609)585-6200
LEGAL SERVICES
(609)695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732)828-0053
LEGAL SERVICES
(732)249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, West Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732)431-5544
LEGAL SERVICES
(732)866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Administration & Records Building
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973)267-5882
LEGAL SERVICES
(973)285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732)240-3666
LEGAL SERVICES
(732)341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973)278-9223
LEGAL SERVICES
(973)345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856)935-5629
LEGAL SERVICES
(856)964-2010

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908)685-2323
LEGAL SERVICES
(908)231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973)267-5882
LEGAL SERVICES
(973)383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908)353-4715
LEGAL SERVICES
(908)527-4769

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908)267-5882
LEGAL SERVICES
(908)475-2010

©1997 by ALL-STATE*Legal
A Division of ALL-STATE International, Inc.
(908) 272-0800
Page 2

BERGEN COUNTY COURTHOUSE
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

                        DATE:   MARCH 18, 2004
                        RE:     BURY VS BD OF ED TENAFLY
                        DOCKET: BER L -003541 04

        THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

        DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

        THE PRETRIAL JUDGE ASSIGNED IS:  HON ESTELA M. DE LA CRUZ

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        002
AT:   (201) 527-2600

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
        PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    LISA BURY

                                            00000

JUPAB7

Law Offices of Steven C. Bury
35 Columbus Drive - PO Box 69
Tenafly, New Jersey 07670
(201) 569-7990
Attorneys for Plaintiff

SUPERIOR

MAR 1 7 2004

DEPUTY CLERK

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - BERGEN COUNTY

- - - - - - - - - - - - - -X

LISA BURY,

                Plaintiff

- against -

TENAFLY BOARD OF EDUCATION,
WILLIAM GREENE, WILLIAM BELLUZZI,
and DARRYLL LUND,
               Defendants

- - - - - - - - - - - - - - - -X

DOCKET NO.: 3541-04

CIVIL ACTION

COMPLAINT, JURY DEMAND and
DESIGNATION OF TRIAL COUNSEL

       Plaintiff LISA BURY, residing in Bergen County, New Jersey, by way of Complaint against defendants does hereby allege, upon information and belief, as follows:

       1.     That at all times herein mentioned plaintiff, Lisa Bury, was and still is a highly trained Registered Nurse licensed in the State of New Jersey and other States.

       2.     That at all times herein mentioned defendant, Tenafly Board of Education, was and still is a public agency charged by the Legislature, under the mandate of the Constitution of the State of New Jersey, with the management and supervision of the Tenafly Public Schools and is comprised of elected members and principal members from each of the schools.

       3.     That at all times herein mentioned, defendant William Greene, was and is the Principal of the Stillman Elementary School in Tenafly, New Jersey and a principal member of defendant the Tenafly Board of Education. Defendant Greene acted in his

individual and representative capacity.

4.   That at all times herein mentioned, defendant William Belluzzi, was and still is the Principal of the Tenafly Middle School and a principal member of the Tenafly Board of Education. Defendant Belluzzi acted in his individual and representative capacity.

5.   That at all times herein mentioned, defendant Darrell Lund, was and still is the Superintendent of Schools for the Tenafly Public School. Defendant Lund acted in his individual and representative capacity.

6.   That on or about August 27, 2001, defendant Tenafly Board of Education passed a resolution hiring plaintiff as a School Nurse following an extensive search to replace a retiring nurse who had served the Tenafly Public Schools for more than twenty (20) years.

7.   That plaintiff was identified as the most qualified candidate based, *inter alia*, upon her academic credentials, which included a Bachelor of Science in Nursing from New York University, and her professional experience at two of the top medical centers in the world, along with various professional and academic honors.

8.   That plaintiff was engaged to provide nursing services for students at two (2) elementary schools within the Tenafly Public Schools: Stillman Elementary School and Maugham Elementary School. These schools had a combined student population of approximately eight hundred (800) students.

9.   That in accordance with the resolution authorizing her hiring, plaintiff was required to and did obtain from the State

of New Jersey an Emergency Certification as a Certified School Nurse.

10. That in addition, Defendant Tenafly Board of Education required plaintiff to obtain her own certification from the State of New Jersey as a Certified School Nurse.

11. That plaintiff attended classes at Caldwell College at her own expense and obtained certification from the State of New Jersey as a Certified School Nurse/Teacher of Health, maintaining a nearly perfect grade point average while working full time.

12. That in order to attend the classes necessary to obtain the State Certification required by defendant Tenafly Board of Education, plaintiff had to forgo pursuit of her Masters of Science in Nursing to her detriment.

13. That as a School Nurse, plaintiff was legally and ethically bound at all times to exercise sound professional judgment with respect to her clients (the children and staff of Stillman and Maugham Elementary Schools) and to act in accordance with the statutes, codes, rules and regulations governing nurses in a clinical practice setting, including, *inter alia*, those set out in *N.J.S.A. 45:11-23 et seq.* and *N.J.A.C. 13:37* (collectively known as the New Jersey Nurse Practice Act).

14. That in addition to her nursing duties, after being hired as a School Nurse, plaintiff was required by defendants to provide instruction to students as a `Teacher of Health' as needed at the two (2) aforementioned elementary schools, and to serve on various committees requiring specialized training.

15. That pursuant to State law and the relevant codes, rules, regulations and contract provisions pertaining to plaintiff's employment, defendants were required to provide plaintiff with various documents, including, *inter alia*, a job description or outline of duties and responsibilities, and a copy of the curriculum to be taught.

16. That pursuant to State law and the relevant codes, rules, regulations and contract provisions pertaining to plaintiff's employment, defendants were required to provide plaintiff with a teacher mentor.

17. That as a `Teacher of Health,' plaintiff was entitled to daily planning time, specialize job-related training and an un-interrupted lunch hour.

18. That defendants failed and refused to provide any of the foregoing, despite numerous requests therefore from plaintiff.

19. That plaintiff served in the aforementioned capacities for two (2) years: academic years 2001-2002; and 2002-2003.

20. That during plaintiff's employment, she received many accolades from her co-workers and parents of the children she served.

21. That during the time of plaintiff's employment, children presented on a daily basis with various health related complaints which required professional assessment and intervention.

22. That on several occasions, plaintiff's professional nursing training and assessment abilities resulted in her discovery of serious and potentially life threatening conditions which

required her to contact the student's parents and/or send the student home.

23. That defendant Board of Education lacked a meaningful policy in this regard at the beginning of plaintiff's employment.

24. That additionally, from the beginning of her employment at Stillman Elementary School, defendant Greene directed plaintiff not to send children home.

25. That in addition, defendant Greene resisted any and all efforts by plaintiff to bring his school into compliance with relevant statutes, codes, rules and/or regulations regarding student safety and health issues.

26. That defendant Greene also ignored plaintiff's objections regarding the lack of confidentiality of health records and conditions and consigned plaintiff to an `office' in a public hallway where she was expected to keep records.

27. That in response to all of plaintiff's complaints, defendant Greene began to harass plaintiff and undermine her ability to operate as a professional nurse, and began to reject her professional judgment regarding the nursing care and services provided to students and staff.

28. That in response to plaintiff's ongoing attempt to secure an appropriate office and bring the schools into compliance with applicable laws, Greene became dismissive of plaintiff.

29. That on one or more occasions, plaintiff observed Greene accessing a locked controlled-substances cabinet and administering medication as a non-licensed professional.

30.   That on several occasions, plaintiff advised Greene that it was inappropriate and unsafe to accept medications, including controlled substances, in unmarked containers, including tinfoil.

31.   That in response to plaintiffs many complaints, Greene advised plaintiff that she was `too bound by rules' and `ha[d] a fear of lawyers.'

32.   That in retaliation for plaintiff's refusal to act contrary to the legal and ethical dictates of her profession, Greene began giving plaintiff negative reviews during the academic year 2002-2003.

33.   That plaintiff objected to the negative reviews, but to no avail.

34.   That in addition, during on or about February 2003, defendant Belluzzi threatened plaintiff with the prospect of receiving a negative recommendation for future employment.

35.   That on March 17, 2003, plaintiff was advised that she would not be rehired and that her employment would terminate effective June 30, 2003.

36.   That on April 2, 2003, defendant Lund advised plaintiff that she was not being rehired because she `have been given directives relative to making parent calls and about sending children back to class. You have been generally unresponsive in meeting these directives.'

## FIRST COUNT

37.   That plaintiff repeats, reiterates and realleges each and  every allegation contained in paragraphs of this Complaint numbered "1" through "36" inclusive, with the same force and effect as though the same were more fully set forth at length herein.

38.   That during the course of her employment, plaintiff was subjected to a severe and pervasive hostile work environment in violation of the New Jersey Law Against Discrimination (`NJLAD').

39.   That during her course of employment and discharge of her professional duties, plaintiff was harassed and treated differently than other employees who had not disclosed or refused to participate in activities which appeared to violate the law or a relevant code, rule or regulation.

40.   That as a result of defendants' actions, plaintiff has been harmed.

## SECOND COUNT

41.   Plaintiff repeats and reiterates each and every allegation contained in the First Count as though fully set forth herein.

42.   That Defendants' intentionally and/or negligently engaged in extreme and outrageous conduct such that an ordinary person should not be required to withstand. Such conduct rose to the level of intentional and/or negligent infliction of emotional

distress, and as a result, plaintiff has been caused to suffer severe emotional distress.

43. That as a direct result of Defendants' actions, plaintiff has suffered injuries, including but not limited to, emotional distress, humiliation, embarrassment, pain and suffering, as well as loss of income and benefits.

### THIRD COUNT

44. Plaintiff repeats and reiterates each and every allegation contained in the Second Count as though fully set forth herein.

45. That plaintiff had a prospective contractual relationship with the Board that provided to potential of leading to a profitable contract.

46. That based on the foregoing, plaintiff has suffered money damages.

### FOURTH COUNT

47. Plaintiff repeats and reiterates each and every allegation contained in the third Count as though fully set forth herein.

48. That as a result of plaintiff's involvement in her nursing and/or teaching duties; her disclosure of acts she believed in violation of various laws, rules and/or regulations; her refusal to compromise her professional nursing and/or ethical obligations; her objections to and refusals to participate in activities she reasonably believed to be in violation of law or regulations, or otherwise incompatible with a clear mandate of public policy

regarding public health or safety; her objections to and refusals to participate in activities she reasonably believed to constitute improper quality of patient care; and, her otherwise unrelenting championing the interests of the children under her care, defendants unlawfully retaliated against plaintiff, harassed and terminated plaintiff from her employment.

49.   That defendants collective and individual acts and omissions constituted unlawful employment actions against plaintiff, violated the public interest and policies of the State of New Jersey and were based upon her continuing objections to and refusals to participate in unlawful and/or unethical activities as set out above or to compromise the professional nursing care offered to the children for which she was responsible, in violation of the New Jersey Conscientious Employee Protection Act, *NJSA 34:19-1 et seq.*.

50.   Plaintiff has suffered economic and emotional harm and interference with and other abridgment of her property and other Constitutional rights as a direct result of defendants collective and/or individual unlawful and tortious acts and omissions.

51.   Wherefore, plaintiff demands judgment against all defendants, jointly and severally, and in their official individual capacities, awarding her:

A.   Equitable damages including, but not limited to, lost wages and interest thereon;

B.   Compensatory damages, including pain and suffering, and other losses resultant from

defendants' unlawful actions;

C.    Punitive damages for defendants' extreme and outrageous conduct toward plaintiff, including any exemplary or treble damages which are permitted by any applicable staute;

D.    All costs of suit and reasonable attorney's fees; and,

E.    Any and all such other relief deemed by the Court to be equitable and just as provided by law.

## FIFTH COUNT

52.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the Fourth Count as though fully set forth herein.

53.    That defendant's acts subjected plaintiff to deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. Section 1983 and arising under the Constitution, laws and statutes of the State of New Jersey.

54.    Each and all of the acts of the defendants herein were done by the defendants, their servants, agents, and/or employees, and each of them not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New Jersey and the Tenafly Board of Education.

55. That by reason of the foregoing, plaintiff has suffered severe damages in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein in an amount to be determined upon the trial of this action.

## SIXTH COUNT

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the Fourth Count as though fully set forth herein.

57. That defendants conspired and/or acted in concert to deprive plaintiff of his equal protection, equal privileges or immunities under the law.

58. That defendants conspired and/or acted in concert to prevent the conspiracy to deprive plaintiff of his equal protection, equal privileges or immunities under the law.

59. That defendants violated 42 U.S.C. 1985.

60. That by reason of the foregoing, plaintiff has suffered severe damages in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein in an amount to be determined upon the trial of this action.

**WHEREFORE**, plaintiff demands judgment against all defendants, jointly and severally, and in their official individual capacities, awarding her:

A.    Equitable damages including, but not limited to, lost wages and interest thereon;

B.    Compensatory damages, including pain and suffering, and other losses resultant from defendants' unlawful actions;

C.    Punitive damages for defendants' extreme and outrageous conduct toward plaintiff, including any exemplary or treble damages which are permitted by any applicable staute;

D.    All costs of suit and reasonable attorney's fees; and,

E.    Any and all such other relief deemed by the Court to be equitable and just as provided by law.

Law Offices of Steven C. Bury
Attorneys for Plaintiff

By: _____
        Steven C. Bury, Esq.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, notice is hereby given that Steven C. Bury, Esq. is designated as trial counsel in the within matter.

Law Offices of Steven C. Bury<br>
Attorneys for Plaintiff

By: _____

Steven C. Bury, Esq.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Law Offices of Steven C. Bury<br>
Attorneys for Plaintiff

By: _____

Steven C. Bury, Esq.

## CERTIFICATION

I hereby certify that to the best of my knowledge the within action is not presently the subject of any other action pending in any court or arbitration proceeding, nor is any such action or arbitration contemplated.

Law Offices of Steven C. Bury
Attorneys for Plaintiff

By:_____

Steven C. Bury, Esq.